**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.621.6149
JAMES M. JELLISON, ESQ. (12763)
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
*Counsel for Town of Sahuarita, Sergeant Eric Heath, Lieutenant Juan Zamora, Sergeant Oscar Fruge and Officer Zachery Woodrow*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Stephen Aiken and Deborah Aiken,<br><br>Plaintiffs,<br><br>v.<br><br>Town of Sahuarita, et al.,<br><br>Defendants. | Case No. 4:24-CV-00199-RCC<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY [DOCS. 47, 50] AND, IN THE ALTERNATIVE, RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY** |

Defendants Town of Sahuarita, Sergeant Eric Heath, Lieutenant Juan Zamora, Sergeant Oscar Fruge and Officer Zachery Woodrow (collectively herein, "Defendants"), by and through counsel undersigned, respectfully move to strike Plaintiffs' Motions to Compel Discovery (Docs. 47, 50) because they are in violation of Fed.R.Civ.P. 11(a) and LRCiv. 7.2(j). Alternatively, Defendants respond in opposition to Plaintiffs' Motion to Compel Discovery as no prior good faith effort to resolve any disputes were made by Plaintiffs prior to filing either Motion, and this Court should not address the issue until that process has taken place between Defendants' counsel, and the Plaintiffs, or their substitute counsel.

## I. PLAINTIFF'S FILINGS FAIL TO COMPLY WITH FRCP 11(a).

LRCiv 7.2(m)(1) reads as follows:

> Unless made at trial, a motion to strike may be filed only if it is authorized by statute, or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), *or* if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

Fed.R.Civ.P. 11(a) provides the following:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Plaintiffs' Motions to Compel Discovery (Docs. 47, 50) has signature lines indicating the service of the Motions, but there are no signature lines that show the written motion itself, including that its arguments and requests for relief, were signed by both unrepresented parties. The signature requirement is not mere window-dressing. It requires the party to acknowledge that the party's motion is well-grounded in fact and law. Here, without the signatures, this Court does not know that *both* Mr. Aiken and Mrs. Aiken are acknowledging a valid basis for their Motion. Pursuant to Fed.R.Civ.P. 11(a) and LRCiv 7.2(m)(1), the subject motions must, at this time, be stricken.

## II. PLAINTIFFS' MOTION WAS NOT PRECEDED BY ANY GOOD FAITH DISCUSSIONS TO RESOLVE DISCOVERY DISPUTES.

This Court's Order provides instructions on how discovery disputes are to be handled. (Doc. 22, ¶ E). First, no discovery motions are to be filed "unless parties have first met to resolve any discovery difficulties." Second, "[i]f a discovery dispute arises which cannot be resolved by the parties, the parties shall notify the Judge's Law Clerk"

and "[t]he Court will promptly resolve the problem by scheduling a telephonic conference *or* by having the parties file motions with the required certifying statement."

The above did not occur here. Plaintiffs' Motions (Docs. 47, 50) both claim that "[d]espite good-faith efforts to resolve these disputes, Defendants have failed to produce the crucial documents and information that are central to Plaintiffs' claims." (Doc. 47, pg. 1; Doc. 50, pg. 1). There is no separate certifying statement and, as addressed above, neither Plaintiff has affirmatively signed off on the representation of prior "good-faith" discovery dispute resolution efforts. That is because there were none.

Defendants delivered their written discovery responses on Wednesday, August 13, 2025. The next day business days, August 14-15, 2025, undersigned was giving a presentation, and preparing for an out-of-state deposition scheduled for August 18, 2025. August 16, 2025 was a Saturday, and undersigned counsel was in Washington D.C. on Sunday, August 17 and Monday, August 18, 2025 for further deposition preparation, and to conduct the deposition. Plaintiffs filed their original Motion to Compel on August 18, 2025. There was no "good faith" discussion, and, in fact, no opportunity to even have one. Plaintiffs' non-certified statement that the parties had a "good faith" discussion regarding Defendants' written discovery responses prior to the filing of motions to compel is untrue.

**III. CONCLUSION**

For the above reasons, Defendants respectfully request that the Court strike Plaintiffs' Motions to Compel Discovery (Docs. 47, 50), or, alternatively, deny them.

DATED this 28th day of August 2025.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Defendants*
*Town of Sahuarita; Heath; Zamora; Fruge and Woodrow*

**CERTIFICATE OF FILING & SERVICE**

I hereby certify that on August 28, 2025. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and with service upon Plaintiffs as follows:

**Served via CM/ECF System with E-Service upon:**

Mr. Stephen Aiken
52 W. Calle De Las Tiendas
Green Valley, AZ 85614
E: pastorstevesoazcc@gmail.com
*Plaintiff pro per*

**Served via U.S. First Class Mail upon**:

Mrs. Deborah Aiken
52 W. Calle De Las Tiendas
Green Valley, AZ 85614
*Plaintiff pro per*

By: s/ Rebecca L. Craft